UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RICKY A. BUECHE, ET AL.

VERSUS

DELTA COLLEGE OF ARTS
AND TECHNOLOGY, INC.

CIVIL ACTION

NO. 15-296-JWD-EWD

**RULING AND ORDER**

This matter comes before the Court on the Motion to Dismiss (Doc. 13.) filed by Defendant Delta College of Arts and Technology ("Defendant"). Ricky Bueche and Sharon Doucet ("Plaintiffs") oppose the motion. (Doc. 15.) Oral argument is not necessary.

After carefully considering the law, facts, and arguments of the parties, Defendant's motion to dismiss is denied. Defendant's motion is denied in that the Plaintiffs have asserted sufficient factual allegations in the complaint to state a claim for relief that is plausible on its face. Further, the Court will not consider the affidavits attached to the Defendant's motion, and thus will not convert the motion to one for summary judgment. However, even if the Court had chosen to convert the motion to one for summary judgment, it would have been denied under Federal Rule of Civil Procedure 56(d) as adequate discovery has yet to be conducted. The Defendant may file a motion for summary judgment at a later stage of these proceedings.

I.    Relevant Factual and Procedural Background

   A.  Introduction

This case arises out of Defendant's alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age and Discrimination in Employment Act ("ADEA"), and the Louisiana Employment Discrimination Law ("LEDL"). Plaintiffs brought suit under 42 U.S.C. § 2000e *et seq.*, specifically 42 U.S.C. § 1981 claiming race discrimination under federal law; 29

1

U.S.C. § 621 *et seq.* claiming age discrimination under federal law; and La. R.S. 23:301 *et seq.* claiming race and age discrimination under Louisiana law. Defendant seeks dismissal of Plaintiffs' claim.

### B.  Plaintiffs' Allegations

The following allegations are taken from Plaintiffs' complaint. (Doc. 1.) They are assumed to be true for the purposes of this motion.

Doucet, a 66-year-old Caucasian female, began working for Defendant in August 2008 as an Admissions Representative. (Doc. 1 at ¶¶ 6, 8.) She was later promoted to Associate Director of Admissions, a management position within the college. (Doc. 1 at ¶ 8.) Doucet alleges that by fall 2014, she had 22 years of experience in college admissions. (Doc. 1 at ¶ 8.)

Plaintiffs allege that in July of 2014, Defendant fired a 58-year-old white male who worked as an Admissions Representative and replaced him with an African American woman believed to be younger than 40 with no experience in the field. (Doc. 1 at ¶ 13.) Shortly after, in October 2014, Defendant also fired Doucet and replaced her with a younger, African American male with little experience in the field. (Doc. 1 at ¶ 14.) Doucet's termination was handled by David Whitehead, Defendant's Director of Admissions at the main campus in Baton Rouge. (Doc. 1 at ¶¶ 10, 15.) Whitehead gave Doucet no explanation regarding her termination. (Doc. 1 at ¶ 15.) Doucet had neither a history of write-ups nor criticism. (Doc. 1 at ¶ 15.)

Bueche, a 59-year-old Caucasian male, began working for Defendant in March 2014 as an Admissions Representative. (Doc. 1 at ¶ 5.) He alleges that by fall 2014, he had around eight years of experience in college admissions. (Doc. 1 at ¶ 9.)

Bueche's responsibilities included calling prospective students and following a script provided to him by Defendant. (Doc. 1 at ¶ 11.) Bueche alleges that Whitehead told the Admissions Representatives to guarantee potential applicants that they would find a job upon graduation and provide them with salary ranges. (Doc. 1 at ¶ 12.) Before Doucet was terminated, Bueche consulted with her about the guarantees, and they concluded the statements were misleading and inappropriate. (Doc. 1 at ¶ 12.) Therefore, he did not relay these messages to the potential applicants. (Doc. 1 at ¶ 12.)

Despite Bueche's unwillingness to guarantee jobs and salary ranges when calling potential students, he contends that Whitehead publicly praised him for following the Defendant's script, as he enrolled approximately 46 new students. (Doc. 1 at ¶ 16.) Bueche was rewarded for his productivity and good work with a laptop case. (Doc. 1 at ¶ 16.) He had no write-ups at the time. (Doc. 1 at ¶ 16.)

On November 10, 2014, Whitehead interviewed and introduced to the Defendant's admissions staff a young, African American woman. (Doc. 1 at ¶ 17.) At the time, there were no available positions in the department. (Doc. 1 at ¶ 17.) Two days later, on November 12, Whitehead called Bueche to his office and issued him a write-up, claiming that Bueche failed to follow the script when placing phone calls and also failed to provide proper documentation for an applicant. (Doc. 1 at ¶ 18.)

On November 13, Bueche claims that Whitehead told him the write-ups would not result in termination; however, on November 14, Whitehead fired Bueche for poor job performance. (Doc. 1 at ¶¶ 21-21.) Bueche alleges the write-ups were a pretext for race and age discrimination. (Doc. 1 at ¶ 19.) Defendant filled Bueche's position with the younger, African American woman that was interviewed four days before Bueche's termination. (Doc. 1 at ¶ 23.)

Plaintiffs contend that in an effort to increase enrollment, Defendant pursues a deliberate policy of aligning the race and age of the admissions staff with the race and age of the students in order to become more appealing, and it was this race and age based policy that led to the termination of Plaintiffs. (Doc. 1 at ¶ 24.) Plaintiffs allege the use of this policy was confirmed through a letter mailed to plaintiffs' attorney by Defendant's attorney.[1] (Doc. 1 at ¶ 25.)

Plaintiffs seek the following remedies:

1. A declaratory judgment finding that Defendant violated Title VII, the ADEA, and the LEDL;
2. That Defendant be enjoined and permanently restrained from engaging in discriminatory hiring practices in the future;
3. That Plaintiffs be awarded all wages including, but not limited to, back pay, front pay, bonuses, pension, and any other benefits lost as a result of Defendant's alleged unlawful conduct in an amount to be determined by a jury;
4. An order directing Defendant to pay to Plaintiffs compensatory damages as are determined by the jury;
5. That the Plaintiffs be awarded punitive damages; and
6. That Plaintiffs be awarded reasonable attorney's fees, litigation expenses and costs.

(Doc. 1 at ¶ 39.)

**C. Present Motion**

Defendant now moves for dismissal or, alternatively, summary judgment of the Plaintiffs' claims due to the extrinsic material attached to the motion. (Doc. 13, p. 1.)

---

[1] Defendant denies this allegation and contends that Defendant follows a procedure that involves consultation with various members of the school's staff and management before an employee is terminated, and age and race are not part of the calculus. (Doc. 5, p. 3.)

Defendant seeks dismissal of Plaintiffs' race and age discrimination claims. Defendant alleges that Plaintiffs did not assert any factual basis for their claims, except an assumption that Defendant considers race and age in hiring decisions. (Doc. 13-1, p. 2.) Defendant claims this assumption is false and attached three affidavits to support this contention. These affidavits contain statements by Billy Clark, President of Delta, and Johnette Kay, Campus Director of the Baton Rouge campus, asserting that Defendant does not consider age or race when hiring or firing, and further maintaining that the decision to terminate both Plaintiffs was based on good cause. Defendant uses the statements contained in the affidavits to rebut Plaintiffs' claims of discriminatory hiring practices; thus, Defendant argues there are not sufficient facts in the complaint to state a claim for relief. (Doc. 13-1, p. 4.)

Because Defendant attached extrinsic materials that are outside the pleadings, Defendant implies that the court must consider its motion to dismiss for failure to state a claim as a motion for summary judgment. (Doc. 13-1, p. 2.) Defendant contends that the affidavits prove that there is no genuine issue of material fact because Clark and Kay deny the allegations and provide reasons for the termination. (Doc. 13-1, p. 4-5.) Defendant also included an affidavit by a 66-year-old Caucasian male as support that Defendant does not employ only young African Americans. (Doc. 13-1, p. 4.) Defendant also attached a document containing employee information such as race, age, hire date, and date of termination. Defendant contends these attachments conclusively show there is no genuine issue of material fact, and they are therefore entitled to summary judgment. (Doc. 13-1, p. 2.)

Plaintiffs argue that the Court should not convert the motion to dismiss into a motion for summary judgment but should exercise its discretion and not consider the materials outside the pleadings. (Doc. 15, p. 6.) The mere submission of the extraneous material should not result in

5

an automatic conversion of a 12(b)(6) motion to one for summary judgment. Plaintiffs assert that the exercise of discretion is appropriate in this instance because the affidavits are self-serving, contain hearsay, and create questions that should be addressed during discovery. In addition, the document addressing the racial makeup of the staff is believed to be incomplete, as it does not contain the information of all employees and appears to be manufactured for use in the litigation. (Doc. 15, p. 6.) Due to the nature of the extrinsic material, Plaintiffs urge the court to treat Defendant's motion as a motion to dismiss under Rule 12(b)(6) and decide only if the facts asserted in the complaint are sufficient to meet the pleading requirement. (Doc. 15, p. 8.)

Plaintiffs oppose the grant of a motion to dismiss under Rule 12(b)(6), arguing that sufficient factual grounds were stated in the complaint. Plaintiffs point to the termination of older, white employees and their subsequent replacement with younger African Americans. (Doc. 15, p. 5.) Also noted are the seemingly warrantless write-ups that followed the interview of Bueche's replacement. (Doc. 15, p. 5.) Plaintiffs also point to a letter sent by counsel for Defendant that alluded to hiring practices based on race and age. (Doc. 15, p. 4.) Taking all of these facts as true, Plaintiffs believe that a claim of racial and age discrimination is plausible on its face.

Plaintiffs next assert that if the motion to dismiss is converted into one for summary judgment, it should be denied, or in the alternative, deferred because discovery is in its initial stages. If converted, Plaintiffs request notice and a reasonable opportunity to present all matters relevant to the motion. (Doc. 15, p. 9.) Because discovery is in the initial stages, Plaintiffs cannot present adequate evidence to oppose a motion for summary judgment at this point. They have submitted an affidavit concerning what information will be sought during discovery. (Doc. 15-3.)

Plaintiffs hope to engage in discovery until the mutually agreed upon cut-off date of March 31, 2016. (Doc. 15, p. 9.)

## II. Procedural Issues

Attached to Defendant's motion to dismiss were three affidavits from employees of Defendant and a form containing employment data on Defendant's workers. Defendant argues that because this extrinsic material is attached to a motion to dismiss, the motion must be converted to one for summary judgment. Plaintiffs, on the other hand, maintain that the Court has discretion in deciding whether to consider the attachments. If the attachments are not considered, the motion need not be treated as one for summary judgment. As an initial procedural matter, the Court must determine if Defendant's motion to dismiss must be treated as one for summary judgment due to the attachment of extrinsic material.

### A. Conversion of Motion to Dismiss to Summary Judgment

In considering a motion to dismiss for failure to state a claim, the Court cannot consider anything beyond the pleadings. When extrinsic material is attached, the motion may be converted to one for summary judgment; however, this conversion is not automatic. *Metro Riverboat Assocs. v. Bally's La., Inc.*, 2000 U.S. Dist. LEXIS 4662, *10 (E.D. La. April 4, 2000). The Court is granted discretion to convert the motion to dismiss to a motion for summary judgment by Federal Rule of Civil Procedure 12(d). *Id.*; *Ware v. Associated Milk Producers*, 614 F.2d 413, 414-15 (5th Cir. 1980). If extrinsic material is not excluded by the court, the motion must be treated as one for summary judgment under Federal Rule of Civil Procedure 56. However, the court has complete discretion to determine whether to accept material outside the pleadings. *Metro Riverboat Assocs.*, 2000 U.S. Dist. LEXIS 4662 at *10; *Ware*, 614 F.2d at 415.

7

This discretion is exercised based on a determination of whether the material outside the 12(b)(6) motion will facilitate disposition of the action. *Id*. If the extraneous material is comprehensive and will enable a rational determination of a motion for summary judgment, courts are more likely to convert. However, if the material is incomplete or inconclusive, conversion is generally rejected. *Metro Riverboat Assocs.*, 2000 U.S. Dist. LEXIS 4662 at *11. When the extraneous material could not dispose of the case, the court will exclude the material, but allow defendants to move for summary judgment at a more appropriate time. *Ware*, 614 F.2d at 415.

Courts have considered several attachments to 12(b)(6) motions as dispositive and have thus decided to convert the motion to one for summary judgment. Examples include a government handbook establishing the absence of an employment contract, *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 913 (11th Cir. 1993), depositions that clearly establish a limitations bar, *Alioto v. Marshall Field's & Co.*, 77 F.3d 934, 936 (7th Cir. 1996), and a stipulation from a previous court order that barred the action, *Property Management & Invest., Inc. v. Lewis*, 752 F.2d 599, 604-05 (11th Cir. 1985). The decision to consider these types of extrinsic material facilitated the disposition of each case. Each was also compiled independently of the litigation.

The affidavits attached to the Defendant's motion do not seem to present clear and dispositive information that would dispose of the case. Though Defendant's employees claim they do not discriminate based on age or race, terminating older, white employees and replacing them with younger African-Americans could indicate discriminatory hiring practices. Further, the inclusion of an affidavit by an older, white employee of Defendant does not definitively prove an absence of racial discrimination. The fact that some members of a class are treated favorably does not excuse an employer from discriminating against other members of that class.

*Connecticut v. Teal*, 457 U.S. 440, 455 (1982). Further, the affidavits are from parties interested in the outcome of the litigation and were compiled in defense of the race and age discrimination claim. Due to the nature and content of the extrinsic materials and the fear that discovery is not completed, the Court exercises its discretion to exclude the material and refuse to convert the 12(b)(6) motion to one for summary judgment.

Thus, there is only one issue remaining before the Court on this motion: whether the Plaintiffs' complaint contained sufficient factual allegations to survive a motion to dismiss for failure to state a claim.

### III.   Motion to Dismiss Standard

#### A.  Rule 12(b)(6) Standard

In *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346 (2014), the Supreme Court explained "Federal pleading rules call for a 'short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2); they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." 135 S. Ct. at 346-47 (citation omitted).

Interpreting Rule 8(a) of the Federal Rules of Civil Procedure, the Fifth Circuit has explained:

> The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim. "Asking for [such] plausible grounds to infer [the element of a claim] *does not impose a probability requirement* at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal [that the elements of the claim existed]."

*Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct.1 955, 1965 (2007)).

Applying the above case law, the Western District of Louisiana has stated:

9

> Therefore, while the court is not to give the "assumption of truth" to conclusions, factual allegations remain so entitled. Once those factual allegations are identified, drawing on the court's judicial experience and common sense, the analysis is whether those facts, which need not be detailed or specific, allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." [*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)]; *Twombly*, 555 U.S. at 556. This analysis is not substantively different from that set forth in *Lormand*, *supra*, nor does this jurisprudence foreclose the option that discovery must be undertaken in order to raise relevant information to support an element of the claim. The standard, under the specific language of Fed. R. Civ. P. 8(a)(2), remains that the defendant be given adequate notice of the claim and the grounds upon which it is based. The standard is met by the "reasonable inference" the court must make that, with or without discovery, the facts set forth a plausible claim for relief under a particular theory of law provided that there is a "reasonable expectation" that "discovery will reveal relevant evidence of each element of the claim." *Lormand*, 565 F.3d at 257; *Twombly*, 555 U.S. at 556.

*Diamond Servs. Corp. v. Oceanografia, S.A. De C.V.*, No. 10-00177, 2011 WL 938785, at *3 (W.D. La. Feb. 9, 2011) (citation omitted).

The Fifth Circuit further explained that all well-pleaded facts are taken as true and viewed in the light most favorable to the plaintiff. The task of the Court is not to decide if the plaintiff will eventually be successful, but to determine if a "legally cognizable claim" has been asserted. *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 502-03 (5th Cir. 2014).

**IV.    Discussion**

    **A.  Defendant's Motion to Dismiss under FRCP 12(b)(6)**

Here, the Court must determine whether Defendant's Rule 12(b)(6) motion is proper based on an examination of the pleadings.

Defendant argues that Plaintiffs' complaint regarding the terminations should be dismissed because Plaintiffs failed to plead sufficient facts to show they are entitled to relief. Defendant contends that the only factual basis for the claims is an assumption based on a writing confirming that race is considered in hiring decisions by Defendant. (Doc. 13-1, p. 2.) Defendant claims that because this writing cannot be located, the complaint does not contain enough facts to

state a claim that is plausible on its face.[2] (Doc. 13-1, p. 3.) Defendant makes no further mention of facts stated in the complaint, but instead relies on attached affidavits and employment data to prove there is no genuine issue of fact.[3]

Plaintiffs argue that the complaint contained sufficient factual grounds to state a plausible claim for relief, reiterating the numerous specific factual assertions that support their claims for age and race based discrimination. (Doc. 15, p. 4-5.) For example, Plaintiffs assert that following their terminations, both were replaced by younger African Americans. In addition, another older, white employee was terminated and replaced with a younger African American. (Doc. 15, p. 5.) Plaintiffs also point to a lack of previous criticism or write-ups. (Doc. 15, p. 5.) Plaintiffs contend these facts, taken as true, result in facially plausible causes of discrimination, and that through discovery, each element of the action will become clear. Thus, Defendant's motion to dismiss is not proper.

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individuals race, color, sex or national origin …" 42 U.S.C. § 2000e-2(a). The ADEA mimics this rule, banning discrimination in employment based on age. 29 U.S.C. § 623(a)(1). Employment discrimination

---

[2] The writing mentioned by Plaintiffs in the complaint was produced in opposition to Defendant's motion. (See, Doc. 15, Exh. A and B.) It is a letter sent to Plaintiffs by Defendant's counsel which mentions that the Defendant attempts to match the admissions staff with the age and racial makeup of the students. (*Id*.) Plaintiffs argue in their opposition that this is an admission by Defendant that age and race is considered in employment decisions and creates an issue appropriate for discovery. (See, Doc. 15, p. 4.) This letter can be considered without converting the motion to one for summary judgment because it is not a matter outside the pleadings. It was incorporated into the complaint by reference. See, *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007).

[3] Because the Court will not convert this motion to one for summary judgment, the affidavits and other material attached to the motion will not be considered.

cases follow the three-part burden-shifting approach outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

The *McDonnell Douglas* framework is not a heightened pleading requirement plaintiffs in employment discrimination cases must satisfy to survive a motion to dismiss, but merely an evidentiary standard. *Washington v. La.*, 2012 WL 4159079, *4 (M.D. La. Aug. 21, 2012). Plaintiffs are not required to plead a prima facie case but must allege facts that would plausibly suggest that the adverse action taken by the employer was due to race or age. *Oinonen v. TRX, Inc.*, 2010 WL 2217870, *3 (N.D. Tex. June 1, 2010). The facts contained in the complaint must set forth a discriminatory motive. *Id*.

Plaintiffs' complaint gives rise to a plausible inference of discrimination. Plaintiffs contend they suffered adverse employment action, termination, based on their race, white, and age though they were qualified for the positions held. In spite of years of experience, Defendant fired them, and subsequently replaced them with African Americans with little experience. Plaintiffs have also pled that they received no write-ups, but were ideal employees that contributed to the enrollment of the college and even received praise for accomplishments. Following termination, they were replaced by individuals outside of their protected group. Plaintiffs do not merely enumerate the statutes under which they bring suit and state they are entitled to relief, but plead specific facts plausibly suggesting a discriminatory motive.

### B. Defendant's Motion is Denied

This Court has determined that Defendant's motion shall be treated as a motion to dismiss, and Plaintiffs have pled sufficient facts to survive this motion. However, had the Court elected to convert the motion to dismiss to one for summary judgment due to the attachment of

extrinsic material, the Court would have denied the motion for summary judgment under Federal Rule of Civil Procedure 56(d).

While Rule 56 allows a party to move for summary judgment at any time, granting summary judgment before completion of discovery is only done in rare circumstances. *Miller v. Wolpoff & Abramsam, L.L.P.*, 321 F.3d 292, 303-04 (2d Cir. 2003). It is preferable to allow the non-moving party time to conduct discovery in order to adequately defend against summary judgment. *Celotext Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Rule 56(d) permits the Court to defer considering or deny a motion for summary judgment if the nonmovant shows by affidavit or declaration that sufficient facts cannot be presented to oppose the summary judgment.

The initial discovery deadline agreed upon by both parties was March 31, 2016. (Doc. 15, p. 9.) Defendant filed the motion to dismiss well before this date, leaving Plaintiff with little time to conduct discovery. As a result, Plaintiffs lacked adequate information to oppose a motion for summary judgment. Plaintiffs provided an affidavit along with the opposition to Defendant's motion outlining the issues that they would explore during discovery. (Doc. 15-3.) If the Court had chosen to convert Defendant's motion to one for summary judgment, it would have been denied in accordance with Rule 56(d) because, at the time of filing, Plaintiff did not have adequate facts to justify its opposition to a motion for summary judgment.

## V. Conclusion

Accordingly, **IT IS ORDERED** that Defendant's Motion for Dismissal (Doc. 13.) is **DENIED**.

Signed in Baton Rouge, Louisiana, on <u>April 8, 2016</u>.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**